ANDREA E BATES, ESQ. SBN 192491
Abates@Bates-Bates.com
KURT W SCHUETTINGER, ESQ. SBN 295879
Kschuettinger@Bates-Bates.com
BATES & BATES, LLC
1890 Marietta Blvd.
Atlanta, Georgia 30318
Phone: (404) 228-7439
Fax:    (404) 963-6231

Attorney for Plaintiff
E.I. du Pont de Nemours and Company

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.I. DU PONT DE NEMOURS AND COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THE MIDDLEBY CORPORATION, a Delaware corporation, STAR MANUFACTURING INTERNATIONAL INC., a Delaware corporation, and TOASTMASTER INC., a Delaware corporation,<br><br>Defendants. | Case No. 2:14-cv-07846<br><br>COMPLAINT FOR:<br>(1) Trademark Infringement;<br>(2) Trademark Counterfeiting;<br>(3) False Designation of Origin and Unfair Competition Under the United States Trademark Act;<br>(4) False Description of Fact and Representations and False Advertising Under the United States Trademark Act;<br>(5) Trademark Dilution Under the Under the United States Trademark Act;<br>(6) California Business & Professions Code §§ 17200, *et seq*;<br>(7) Common Law Trademark Infringement; and<br>(8) Accounting<br><br><u>JURY TRIAL DEMANDED</u> |

- 1 -
COMPLAINT

# COMPLAINT

Plaintiff E.I. du Pont de Nemours and Company ("DuPont") for its Complaint against Defendants The Middleby Corporation and its subsidiaries, Star Manufacturing International Inc. and Toastmaster Inc., collectively as ("Middleby & Subs."), alleges as follows:

## Nature of Action

1. This is an action for trademark infringement, trademark counterfeiting, unfair competition, trademark dilution and other related causes of action under federal, state and common law arising from the unauthorized use by Defendants of DuPont's famous TEFLON® mark.

## The Parties

2. DuPont is a Delaware corporation with a principal place of business at 1007 market Street, Wilmington, Delaware 19898.

3. DuPont is a science company engaged in the development, manufacture, sale and distribution of a wide variety of products and ingredients in the United States and throughout the world.

4. Upon information and belief, Defendant Middleby is a Delaware corporation, with a principal place of business at 1400 Toastmaster Drive, Elgin, Illinois 60120.

5. Upon information and belief, Defendant Star Manufacturing Inc., a subsidiary of Defendant Middleby, is a Delaware corporation, with a principal place of business at 1400 Toastmaster Drive, Elgin, Illinois 60120.

6. Upon information and belief, Defendant Toastmaster Inc., a subsidiary of Defendant Middleby, is a Delaware corporation, with a principal place of business at 1400 Toastmaster Drive, Elgin, Illinois 60120.

7. Upon information and belief, Middleby & Subs. are engaged in the promotion and sale of various products in the United States, including in this District, at their business locations and through their websites at www.middleby.com, www.star-mfg.com, & www.toastmastercorp.com.

## Jurisdiction and Venue

8. Original subject matter jurisdiction of this Court is based on 28 U.S.C. § 1331 (federal question) because DuPont's Lanham Act claims—Sections 39 and 43(a) and (c) of the United States Trademark Act of 1946 ("Lanham Act"), as amended (15 U.S.C. §1121 and 1125(a)(c))—arise under federal law, and this Court has original jurisdiction pursuant to 28 U.S.C. §1338(a) and (b) (Acts of Congress relating to trademarks and related actions). This court has supplemental jurisdiction over DuPont's state law claims pursuant to 28 U.S.C. §1367 (Supplemental Jurisdiction), as well as the principles of pendent jurisdiction.

9. Venue is proper in this district under 28 U.S.C. §1391(b) and (c).

- 3 -
COMPLAINT

## DuPont's Use and Ownership of the TEFLON® Mark

10. In the late 1930's, DuPont discovered a method to polymerize tetrafluoroethylene to form a fluoropolymer compound known as polytetrafluoroethylene ("PTFE"). PTFE is both slippery and chemically inert making it ideal for use in a wide variety of different products.

11. In approximately 1944, DuPont adopted and began to use the fanciful name and mark TEFLON® ("TEFLON® mark") for its PTFE products and began to sell TEFLON® brand PTFE directly to manufacturers and others for use in a wide variety of products. DuPont TEFLON® fluoropolymer products have been a tremendous commercial success. Since 1944, DuPont has generated millions of dollars in revenue from the sale of TEFLON® products and the licensing of the TEFLON® mark.

12. DuPont and its related companies have spent millions of dollars in the advertising and promotion of the TEFLON® mark and the products sold under the TEFLON® mark.

13. As a result of the quality of the DuPont TEFLON® fluoropolymer products and the extensive sales, licensing and marketing, advertising and promotion of these products under the TEFLON® mark by DuPont and its related companies, the TEFLON® mark has become a famous trademark that is widely and favorably known

by consumers in the United States and elsewhere as designating high quality and dependable products originating exclusively from DuPont and its related companies.

14. The TEFLON® mark has been famous in the United States and elsewhere since long prior to the acts complained of herein.

15. DuPont is the exclusive owner of a number of United States Trademark Registrations for the TEFLON® mark for a variety of products and ingredients dating back to 1946. These include: (a) Reg. No. 418,698 for the mark TEFLON® for "synthetic resinous fluorine-containing polymers in the form of molding and extruding compositions, fabricated shapes - namely, sheets, tubes, tape and filaments, and emulsions;" (b) Reg. No. 559,331 for TEFLON® for "polytetrafluoroethylene coatings in the nature of paints and varnishes;" (c) Reg. No. 623,605 for TEFLON® for "fibers and filaments in the nature of threads and yarns adapted to be used in making fabrics;" (d) Reg. No. 676,166 for TEFLON® for "films or sheets made from polymers of fluorinated hydrocarbons for use in packaging applications, in electrical and non-electrical insulation, as protective liners for containers and equipment, in tapes, in machinery parts, in covering, coating, and packing substances, in hose and piping, and for general use in the industrial arts;" (e) Reg. No. 827,105 for TEFLON® for "coatings in the nature of paint, based on fluorine-containing resins;" (f) Reg. No. 1,111,147 for TEFLON® for "chemical compound in the nature of a textile finish with oil, water, and stain repellant characteristics;" (g) Reg. No. 1,592,650 for TEFLON®

for "fluorine-containing polymers in resin and dispersion form for use as additives in inks, plastics, lubricants, coating, and other host materials where attributes such as lubricity, friction reduction, nonstick, and temperature and chemical resistance are desired;" (h) Reg. No. 2,601,355 for TEFLON® for "windshield wiper blades;" (i) Reg. No. 3,590,266 for TEFLON® for "industrial lubricants, greases and oils;" and (j) Reg. No. 3,206,677 for TEFLON® for "cleaning preparations, shampoos, wax and polish for automobiles." Attached hereto collectively as Exhibit "A" are true and correct copies of DuPont's Trademark registrations.

16. All of the above-identified registrations for TEFLON® remain in full force and effect and are *prima facie* proof of DuPont's exclusive rights to own and use the TEFLON® mark. In addition, all of the above registrations are incontestable pursuant to Section 15 of the Lanham Act (15 U.S.C. § 1065).

17. It has been DuPont's policy, since long before the acts complained of, to always use ® registration symbol and to require its licensees to always use the ® registration symbol in displaying the TEFLON® mark and it is believed that the vast majority of authorized users display that symbol.

### Misuse By Middleby & Subs. of the TEFLON® Mark

18. Upon information and belief, Middleby & Subs. manufacture and sell commercial kitchen equipment.

19. Upon information and belief, Middleby & Subs. offer for sale and sell some products in connection with the TEFLON® mark that do not contain genuine DuPont TEFLON® fluoropolymer or otherwise are not authorized to be sold under the TEFLON® mark ("Middleby & Subs. Unauthorized Products"). [*See* Exhibit "**B**."]

20. Upon information and belief, notwithstanding the lack of authorization from DuPont and the fact that said Middleby & Subs. Unauthorized Products do not contain genuine DuPont fluoropolymer or otherwise are not authorized to be sold under the TEFLON® mark, Middleby & Subs. have made repeated unauthorized use of the TEFLON® mark in connection with said products, as described below, with the intent to mislead and confuse consumers into believing that said Middleby & Subs. Unauthorized Products contain genuine DuPont fluoropolymer or that said Middleby & Subs. Unauthorized Products are otherwise authorized or licensed by DuPont and with the intent of misappropriating, for its own benefit, the tremendous goodwill built up by DuPont in the TEFLON® mark.

21. In particular, Middleby & Subs. have improperly used the TEFLON® mark in their advertising and promotional materials for said Middleby & Subs. Unauthorized Products as well as on their Internet websites at www.middleby.com, www.star-mfg.com, & www.toastmastercorp.com and otherwise has falsely stated or implied that said Middleby & Subs. Unauthorized Products contain genuine DuPont

- 7 -
COMPLAINT

fluoropolymer or that their use of the TEFLON® mark is authorized or licensed by DuPont.

22. Upon information and belief, Middleby & Subs. have also used the TEFLON® mark and variations thereon as "title," "keyword" or "content" metatags in connection with their website in an attempt to mislead the public and to attract and misdirect potential consumers using Internet search engines searching the internet for genuine or authorized TEFLON® products to Middleby & Subs.' websites.

23. Upon information and belief, the aforementioned misuse of the TEFLON® mark by Middleby & Subs. was done by Defendants with the intent of deceiving or misleading customers into mistakenly believing that said Middleby & Subs. Unauthorized Products contained genuine or authorized TEFLON® products originating from DuPont or its related companies and otherwise misappropriating the goodwill built up by DuPont in the TEFLON® mark and otherwise attracting and misdirecting consumers looking for genuine or authorized TEFLON® brand goods to Middleby & Subs.' websites.

24. Prior to commencing this lawsuit, DuPont and its representatives communicated directly with Middleby & Subs. and their representatives in an attempt to resolve this matter without the necessity of bringing this lawsuit, but Middleby & Subs. have refused to respond to DuPont's efforts for amicable settlement.

25. The misuse of the TEFLON® mark by Middleby & Subs. was intended to cause, has caused, and is likely to continue to cause consumer confusion, mistake, or deception including the misleading of consumers into mistakenly believing that Defendants' Middleby & Subs. Unauthorized Products contain genuine DuPont TEFLON® product or DuPont has authorized or licensed the use by Defendants of the TEFLON® trademark for those products.

26. The aforementioned misuse of the TEFLON® mark by Middleby & Subs. is damaging to the reputation and goodwill of the DuPont TEFLON® mark.

27. Upon information and belief, the aforesaid acts of Middleby & Subs. have caused and, unless enjoined will continue to cause irreparable damage to DuPont and to the reputation of its valuable TEFLON® Brand.

28. DuPont has no adequate remedy at law.

## COUNT I

### Trademark Infringement Under The United States Trademark Act (15 U.S.C. 1114 (1))

29. DuPont repeats the allegations set forth in Paragraphs 1 through 28.

30. Middleby & Subs.' use of a reproduction, counterfeit, copy, or colorable imitation of the famous TEFLON® mark, without DuPont's consent, in commerce in connection with the sale, offering for sale, distribution, or advertising of their products or services is likely to cause confusion, or to cause mistake, or to deceive the public, and thus constitutes trademark infringement pursuant to 15 U.S.C.§ 1114.

31. The complained of acts constitute willful, deliberate and intentional infringement of DuPont's federally registered trademarks for the TEFLON® mark in violation of section 32(1) of the Lanham Act (15 U.S.C. §1114(1)).

32. Middleby & Subs.' intentional and willful infringement of the TEFLON® mark have caused, and will continue to cause, damage to DuPont and is causing irreparable harm to DuPont for which there is no adequate remedy at law. Middleby & Subs. are directly liable for these actions.

## COUNT II

### Trademark Counterfeiting Under The United States Trademark Act (15 U.S.C. 1114(1))

33. DuPont repeats the allegations set forth in Paragraphs 1 through 28.

34. Upon information and belief, Middleby & Subs. intentionally used, without DuPont's consent, a counterfeit version of the TEFLON® mark in commerce, knowing that the marks were counterfeit. Middleby & Subs. used the counterfeit marks in connection with the sale, offering for sale, or distribution of their goods and services, which is likely to cause confusion, or cause mistake, or deceive the public.

35. The complained of acts constitute trademark counterfeiting in violation of Section 32(1) of the Lanham Act (15 U.S.C. §1114(1)).

## COUNT III

### False Designation Of Origin And Unfair Competition Under The United States Trademark Act (15 U.S.C. 1125(a))

36. DuPont repeats the allegations set forth in paragraphs 1 through 28.

37. Middleby & Subs.' use of the TEFLON® mark, without DuPont's consent, in commerce to promote, market, or sell their products or services in direct competition with DuPont's products and services constitutes False Designation of Origin and Unfair Competition pursuant to 15 U.S.C. § 1125(a). Middleby & Subs.' use of the TEFLON® mark is a false designation of origin, a false or misleading description of fact, and/or a false or misleading representation of fact, which is likely to cause confusion, or cause mistake, or to deceive as to the affiliation, connection, or association of Middleby & Subs. with DuPont and/or as to the origin, sponsorship, or approval of Middleby & Subs.' productions and commercial activities with DuPont.

38. The complained of acts constitute willful, deliberate and intentional false designations of origin as to products made available by Middleby & Subs. and unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)).

39. Middleby & Subs.' wrongful activities have caused—and unless enjoined by this Court—will continue to cause irreparable injury and other damages to DuPont's business and reputation, and will continue to cause damage to the goodwill it has developed in the DuPont Trademark. DuPont has no adequate remedy at law.

## COUNT IV

### False Descriptions Of Fact And Representations And False Advertising Under The United States Trademark Act (15 U.S.C. 1125(a))

40. DuPont repeats the allegations set forth in paragraphs 1 through 28.

41. Middleby & Subs.' use of the TEFLON® mark, without DuPont's consent, in commercial advertising or promotion to promote, market, or sell its products or services in direct competition with DuPont's products and services constitutes False Description of Fact and Representation and False Adverting pursuant to 15 U.S.C. § 1125(a). Middleby & Subs.' use of the TEFLON® mark in commercial advertising or promotion misrepresents the nature, characteristics, qualities, or geographic origin of its goods, services, or activities.

42. The complained of acts constitute willful, deliberate and intentional false and misleading descriptions of fact, false and misleading representations of fact and false advertising in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)).

43. Middleby & Subs.' wrongful activities have caused—and unless enjoined by this Court—will continue to cause irreparable injury and other damages to DuPont's business and reputation, and will continue to cause irreparable injury to the goodwill it has developed in the TEFLON® mark. DuPont has no adequate remedy at law.

# COUNT V

## Trademark Dilution Under The United States Trademark Act
## (15 U.S.C. 1125(c))

44. DuPont repeats the allegations set forth in paragraphs 1 through 28.

45. Middleby & Subs.' unauthorized use of DuPont's famous TEFLON® mark is likely to dilute and blur the distinctive quality of these marks and to tarnish the DuPont Trademark.

46. The complained of acts have diluted and damaged the distinctive quality of DuPont's famous TEFLON® mark and constitute trademark dilution of a famous mark in violation of §43(c) of the Lanham Act (15 U.S.C. §1125(c)).

47. Upon information and belief, Middleby & Subs. willfully intended to trade on DuPont's reputation and/or cause dilution and tarnishment of DuPont's famous TEFLON® mark.

# COUNT VI

## Unfair Competition in Violation of
## California Business & Professions Code § 17200, *et seq.*

48. DuPont repeats the allegations set forth in Paragraphs 1 through 28.

49. The complained of acts constitute unlawful acts of unfair competition and unlawful, unfair and fraudulent business practices in violation of §17200, *et seq.*, of the California Business and Professions Code.

# COUNT VII

## Common Law Trademark
## Infringement And Unfair Competition

50. DuPont repeats the allegations set forth in Paragraphs 1 through 28.

51. The complained of acts constitute trademark infringement, palming off, and unfair competition in violation of the common law of the State of California.

# COUNT VIII

## Accounting
## Common Law

52. DuPont repeats the allegations set forth in Paragraphs 1 through 28.

53. Middleby & Subs.' activities, as alleged above, have violated DuPont's right in the TEFLON® mark under common law.

54. As a direct result of the infringing activities, Middleby & Subs. have been unjustly enriched through fraudulent conversion of DuPont's goodwill and rights in its trademark into Middleby & Subs.' own profits through the sale of infringing products and has caused DuPont to lose sales of its genuine goods and services.

55. As a direct result of Middleby & Subs.' misconduct, Middleby & Subs. have received substantial profits, to which DuPont is entitled under common law.

56. The amount of said profits is unknown to DuPont and cannot be ascertained without an accounting.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff E.I. du Pont de Nemours and Company prays for judgment as follows:

1. That judgment be entered in favor of Plaintiff on all causes of action set forth herein.

2. That in accordance with Section 35 of the Lanham Act (15 U.S.C. §1117), Plaintiff be awarded monetary damages, in the amount of $500,000, to recover the damages incurred by Plaintiff.

3. That in accordance with Section 35 of the Lanham Act (15 U.S.C. §1117), Plaintiff be awarded its costs.

4. That in accordance with Section 35 of the Lanham Act (15 U.S.C. §1117), Plaintiff be awarded all Defendants' profits.

5. That the amounts in paragraphs 2, 3 and 4 of this prayer be trebled or otherwise multiplied to the extent permitted by statute.

6. Plaintiff reserves the right to elect statutory damages up to and including $2,000,000 per counterfeit mark pursuant to 15 U.S.C. § 1117(c).

7. That Defendants' conduct violates the provisions of California Business & Professions Code sections 17200-17210 and constitutes trademark infringement, unfair competition under the common law of the State of California.

8. That Defendants, their officers, directors, members, principals, agents, servants, affiliates, employees, attorneys, representatives, successors and assigns, and all those in privity or acting in concert or participation with Defendants, and each and all of them, be preliminarily and permanently enjoined and restricted from directly or indirectly:

(a) claiming or representing that any products and/or services sold by Defendants contains genuine TEFLON® fluoropolymer;

(b) using, in any manner, or holding itself out as having rights to use, the TEFLON® mark or any other name, mark or design confusingly similar to the TEFLON® mark to designate, describe or refer to themselves, or in conjunction with any product or service, including any use in conjunction with any Internet activities conducted by it or on its behalf such as any use as a domain name or in the text, graphics and hypertext metatags of any Internet website;

(c) requesting or inducing Internet search engines to display links to the Defendants' websites or other websites displaying or promoting Defendants' products or services when potential consumers using those search engines search for terms containing variations of the TEFLON® mark;

(d) selling, offering for sale, promoting, advertising, distributing or providing or offering to provide any goods or services in conjunction with the

TEFLON® mark or any other name, mark or design confusingly similar to the TEFLON® mark in conjunction with any product or service; and

    (e)    engaging in any course of conduct likely to cause confusion, deception or mistake or injure Plaintiff's business reputation or dilute the TEFLON® mark or appropriate the good will and reputation of said mark or lead to the passing off of Defendants' products as TEFLON® products.

9. That the Court issue an Order directing Defendants to file with the Court and serve on Plaintiff, within thirty (30) days after the service on Defendants of such injunctions, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

10. That the Court award to Plaintiff punitive damages sufficient to deter Defendants from committing such willful acts of infringement in the future.

11. That the Court require a full and complete accounting of all monies received by Defendants as a result of the infringement.

12. That Defendants be required to deliver to Plaintiff all merchandise, packaging, labels, boxes, cartons, advertising, brochures, plates, molds, documents, advertising and promotional materials and other things, possessed, used or distributed by Defendants, or on its behalf, which refer to the TEFLON® mark or any other name, mark or design confusingly similar to the TEFLON® mark.

13. That Plaintiff be awarded the costs of this action and its disbursements, and reasonable attorney's and investigatory fees incurred and as otherwise appropriate herein pursuant to 15 U.S.C. §1117 or other appropriate statute or law;

14. For interest on all amounts found to be due to Plaintiff from Defendants, at the prevailing rate, from the date of said amounts or any part thereof became or becomes due.

15. That the Court require Defendants to notify their commercial associates, dealers, master distributors, suppliers and customers of this Order;

16. That Plaintiff be granted such other monetary, equitable and further relief, as this Court may deem appropriate under federal, state and common law; and

17. That the Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court, at any time, for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violation thereof.

## DEMAND FOR JURY TRIAL

DuPont hereby demands a jury trial on all issues.

Respectfully submitted this 9th day of October, 2014.

BATES & BATES, LLC

_____
ANDREA E. BATES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

California Bar No. 192491
KURT W. SCHUETTINGER
California Bar No. 295879
1890 Marietta Boulevard
Atlanta, Georgia 30318
(404) 228-7439
Attorney for PLAINTIFF
E.I. DU PONT DE NEMOURS
AND COMPANY